2019 IL App (1st) 180576

FIRST DIVISION
Modified Opinion Filed July 22, 2019

No. 1-18-0576

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| LAKESHORE CENTRE HOLDINGS, LLC, | ) | |
| | ) | Appeal from the |
|     Plaintiff-Appellee/Cross-Appellant, | ) | Circuit Court of |
| | ) | Cook County |
| v. | ) | |
| | ) | No. 12 L 10029 |
| LHC LOAN, LLC; PETER GOLDMAN; JOHN READING | ) | |
| WILSON; JONATHAN BROSS; and LHC INVESTMENT, | ) | The Honorable |
| LLC, | ) | James E. Snyder, |
| | ) | Judge Presiding. |
|     Defendants-Appellants/Cross-Appellees. | ) | |

JUSTICE PIERCE delivered the judgment of the court, with opinion.
Justice Griffin concurred in the judgment and opinion.
Presiding Justice Mikva dissented, with opinion.

**OPINION**

¶ 1    Defendants LHC Loan, LLC (Loan), Peter Goldman, John Reading Wilson, Jonathan Bross, and LHC Investment, LLC (Investment) and plaintiff Lakeshore Centre Holdings, LLC (Lakeshore) appeal from the circuit court's judgment granting in part and denying in part defendants' motion for sanctions filed pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013). For the reasons that follow, we find that defendants' motion for sanctions—which was filed nearly five months after entry of the circuit court's final judgment pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016)) on Lakeshore's claims, and while those claims

were before this court on appeal—was untimely, and therefore the circuit court lacked jurisdiction to grant any of the relief requested in the motion. We therefore vacate the circuit court's judgment on defendants' Rule 137 sanctions motion.

¶ 2                                    I. BACKGROUND

¶ 3      We set forth only those facts necessary to understand our disposition. Lakeshore, facing financial difficulties related to a health club it owned, sold its 34% ownership interest in LHC Operating, LLC (Operating) to Loan in exchange for an option to repurchase the 34% ownership interest on or before two specified dates for amounts specified in the parties' agreement (repurchase option). Lakeshore attempted to exercise the repurchase option, but was unsuccessful. Lakeshore filed its initial complaint in September 2012. Lakeshore's complaint related solely to the sale of its 34% interest in Operating and the alleged failure of Loan to perform under the repurchase option. Over the course of four years, and through four iterations of its complaint, Lakeshore pursued claims against defendants for fraudulent inducement, fraudulent misrepresentation, breach of contract, and tortious interference with a contract. During the course of the litigation, Loan filed a counterclaim against Lakeshore for breach of contract based on Lakeshore's alleged failure to enter into good faith negotiations concerning Loan's potential purchase of a different health club owned by Lakeshore. None of the other defendants were named as counterplaintiffs in Loan's counterclaim. Loan's counterclaim against Lakeshore was not related to or dependant on the claims advanced by Lakeshore in its underlying amended complaints.

¶ 4      On July 12, 2016, the circuit court entered summary judgment in favor of defendants on the breach of contract claims in Lakeshore's second amended complaint and dismissed Lakeshore's remaining claims, but granted Lakeshore leave to amend its fraud claims. Lakeshore

filed a third amended complaint that contained amended fraud claims. The third amended complaint also asserted breach of contract and tortious interference claims that were nearly identical to the claims that were disposed of in the July 12, 2016, order. On November 30, 2016, the circuit court dismissed Lakeshore's third amended complaint in its entirety with prejudice and made a finding pursuant to Rule 304(a).[1] The November 30, 2016, order also made the circuit court's July 12, 2016, final order entering summary judgment in favor of defendants on Lakeshore's breach of contract claims immediately appealable. Lakeshore filed a timely notice of appeal on December 28, 2016. We affirmed the circuit court's judgment in all respects, with one justice dissenting in part. *Lakeshore Centre Holdings, LLC v. LHC Loan, LLC*, 2017 IL App (1st) 163402-U (*Lakeshore I*), *petition for leave to appeal denied*, No. 123814 (Sept. 26, 2018).

¶ 5     On May 25, 2017, while *Lakeshore I* was pending in this court, defendants filed a motion in the circuit court for sanctions against Lakeshore pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013).[2] Defendants asserted that, based on the deposition testimony of Lakeshore's owner Walter Kaiser, all of Lakeshore's claims falsely alleged that Goldman, Wilson, and Bross made misrepresentations about the nature of the transaction and whether Lakeshore's ownership interest would be returned intact upon exercise of the repurchase option. Defendants also argued that Lakeshore's fraud claims, which were in the nature of promissory fraud claims, were legally deficient, and that Lakeshore's breach of contract claims were "baseless" and contained false factual allegations. In short, the Rule 137 sanctions motion related solely to the underlying sale

---

[1]The Rule 304(a) finding was necessary because of Loan's pending counterclaim.

[2]The Rule 137 sanctions motion was filed by all defendants, but could only in fact be pursued by Loan. The circuit court's summary judgment order resolved all of Lakeshore's claims against Loan, Investment, Goldman, Wilson, and Bross. The counterclaim was filed only by Loan. The circuit court therefore lacked personal jurisdiction over Investment, Goldman, Wilson, and Bross. This issue, however, was not addressed by the circuit court or the parties on appeal, and is immaterial to our disposition.

and repurchase option of the 34% interest in Operating, and nothing in the sanctions motion related to the underlying transaction that was the subject of Loan's counterclaim.

¶ 6    After briefing and an evidentiary hearing, the circuit court entered a written order that granted defendants' Rule 137 sanctions motion in part and denied it in part. The circuit court awarded defendants $825 in attorney fees. The circuit court denied defendants' subsequent motion to vacate and reconsider the sanctions award and denied defendants leave to file an amended fee petition. Defendants filed a timely notice of appeal, and Lakeshore filed a timely notice of cross-appeal.[3]

¶ 7    After the parties briefed this appeal and cross-appeal of the sanctions judgment, we ordered supplemental briefing on the issue of whether the circuit court had subject-matter jurisdiction to grant the relief requested in defendants' Rule 137 sanctions motion, which was based solely on the allegations in Lakeshore's complaint, where the Rule 137 sanctions motion was filed more than 30 days after the circuit court entered a final and appealable judgment pursuant to Rule 304(a) on all of the claims in Lakeshore's complaint.

¶ 8                                II. ANALYSIS

¶ 9    We have an independent duty to consider the circuit court's subject-matter jurisdiction, even if the issue is not raised by the parties. *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2015 IL App (5th) 140092, ¶ 33, *aff'd*, 2016 IL 119870. Whether the circuit court had subject-matter jurisdiction is a question of law reviewed *de novo*. *J&J Ventures Gaming, LLC v. Wild, Inc.*, 2016 IL 119870, ¶ 25. Furthermore, our jurisdictional analysis is guided by our interpretation of Rule 137, which is also a question of law that we review *de novo*. *Kaull v. Kaull*, 2014 IL App

---

[3]Lakeshore also filed a notice of separate appeal from the circuit court's sanctions judgment, which was docketed in this court as No. 1-18-0677. We entered an agreed order dismissing appeal No. 1-18-0677 with the understanding that no party would be precluded from challenging any portion of the circuit court's sanctions judgment.

(2d) 130175, ¶ 28. "Because Rule 137 is penal in nature, it will be strictly construed." *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998).

¶ 10    Rule 137 provides, in relevant part,

> "(b) Procedure for Alleging Violations of This Rule. All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other document referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action. *Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment*, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion." (Emphasis added.) Ill. S. Ct. R. 137(b) (eff. July 1, 2013).

¶ 11    The jurisdictional issue we consider in this appeal requires the consideration of the relationship between judgments that may be immediately appealed under Rule 304(a) and the time requirements for filing a Rule 137 sanctions motion. Rule 137(b) requires the filing of a sanctions motion within 30 days of "the entry of final judgment." *Id.* Clearly, where the judgment disposes of the entire dispute as to all claims and between all of the parties, a Rule 137 sanctions motion must be filed within 30 days of entry of that judgment.

¶ 12    There are instances, however, where a judgment is entered on only a part of the dispute or as to less than all of the parties. In that situation, the judgment can only be immediately appealed under the provisions of Rule 304. See *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶¶ 1-2, 19 (appeal from circuit court's dismissal with prejudice and Rule 304(a) finding with respect to the plaintiff's retaliatory discharge and Whistleblower Act claims while the plaintiff's wrongful termination claim remained pending in

the circuit court); see also *Schweihs v. Chase Home Finance, LLC*, 2016 IL 120041, ¶ 18 (appeal from the circuit court's summary judgment and dismissal with prejudice of the plaintiff's intentional infliction of emotional distress and negligent infliction of emotional distress claims, respectively, containing a Rule 304(a) finding, while the plaintiff's trespass and negligent trespass claims remained pending in the circuit court). Rule 304(a) "authorizes appeals from final judgments that do not dispose of an entire proceeding 'if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both.' " *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23 (quoting Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010)). "An order or judgment is considered to be final and appealable for purposes of [Rule 304(a)] if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *Id.* (citing *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008)).

¶ 13    Here, the circuit court's July 12, 2016, and November 30, 2016, judgment orders terminated the litigation between Lakeshore and defendants on the merits of Lakeshore's claims against defendants relative to the sale and repurchase option of Lakeshore's 34% interest in Operating. Those judgments became immediately appealable on November 30, 2016, when the circuit court made an express finding pursuant to Rule 304(a) "that there is no just reason to delay enforcement or appeal." Without the express Rule 304(a) finding, the July 12 and November 30 judgment orders would not have been immediately appealable because the counterclaim filed by Loan, which defendants admit is unrelated to Lakeshore's underlying claims, remained unresolved. Therefore, the circuit court's November 30, 2016, Rule 304(a) finding applicable to the July 12 and November 30 judgment orders finally disposed of all claims and parties related to the sale and repurchase of Lakeshore's 34% interest in Operating, resulting

in a final and immediately appealable judgment, and the December 28, 2016, notice of appeal established the jurisdictional basis for our decision in *Lakeshore I*.

¶ 14    In their supplemental brief, defendants argue that "orders including 304(a) language are not, definitionally, 'final judgments' as the underlying action has not been terminated," and that this court "should interpret Rule 137's use of 'final judgment' in a manner consistent with Rule 301's use of 'final judgment.' " As a basis for their argument that "the underlying action [had] not been terminated," defendants rely on the fact that Loan's unrelated counterclaim was still pending when their motion for sanctions was filed. This argument overlooks, however, the unambiguous phrase "final judgment" used in both Rules 301 and 304(a).

¶ 15    Rules 301 and 304(a) regulate the appealability of a final judgment, not the judgment's finality. Rule 301 provides that "[E]very final judgment of the circuit court in a civil case is appealable as of right." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). It is without dispute that a judgment that resolves the entire controversy as to all claims and all parties is a final judgment and an appeal therefrom must be filed within 30 days of entry pursuant to Rule 303(a)(1) (eff. Jan. 1, 2015).

¶ 16    Rule 304(a) recognizes that frequently there are lawsuits with multiple parties or multiple claims and that the circuit court might enter "a final judgment as to one or more but fewer than all of the parties or claims" before the action ultimately ends. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). In those situations, rather than allowing the immediate appeal of final judgments as to fewer than all claims or parties as a matter of right, we look to Rule 304(a) "to discourage piecemeal appeals in the absence of a just reason and to remove the uncertainty which existed when a final judgment was entered on fewer than all of the matters in controversy" (*In re Marriage of Gutman*, 232 Ill. 2d at 151), and to determine whether an immediate appeal may be

taken. For example, where the circuit court enters summary judgment or a dismissal with prejudice on some claims but not others, the circuit court's judgment—while final—is not appealable as a matter of right under Rule 301; it does not become immediately appealable until a final judgment is entered on the remaining claims. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502-03 (1997) ("Without a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly appealable. Such an order does not become appealable until all of the claims in the multiclaim litigation have been resolved. Once the entire action is terminated, all final orders become appealable under Rule 301.").

¶ 17    When the circuit court enters a final judgment and makes a specific Rule 304(a) finding, it promotes judicial economy by finding that a separate part of the overall controversy has come to end, and that a party adversely affected by the judgment may either seek immediate appellate review or be bound by the terms of the judgment. In other words, in a multiclaim or multiparty lawsuit, a final judgment on a separate part of the controversy that is made immediately appealable by a Rule 304(a) finding is as final and appealable as a final judgment governed by Rule 301 that resolves all of the claims against all of the parties.

¶ 18    Rule 137(b) plainly states that a motion for sanctions filed pursuant to the rule is a claim that must be filed within 30 days of the final judgment. Our supreme court has explained that "motions for sanctions under our Rule 137 are 'claims' in the cause of action with which they are connected" and that "a Rule 137 motion is the functional equivalent of adding an additional count to a complaint, or counter-claim, depending on which party files the motion." *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339-40 (2001). In *John G. Phillips & Associates*, our supreme court explained that this motion deals with "the propriety of the filings in the underlying action" that requires a review of "the entire context of the surrounding litigation from

8

which it spawned. This is why Rule 137 provides that motions there under are claims in the underlying litigation—review of such a motion will almost inevitably require familiarity with the surrounding case." *Id.* at 342. Therefore, to achieve Rule 137's "purpose of providing a speedy and efficient remedy" (*Short v. Pye*, 2018 IL App (2d) 160405, ¶ 44), a Rule 137 claim must be asserted within 30 days of the judgment that conclusively resolved the claims in which the allegedly sanctionable conduct took place.

¶ 19    Rule 137's 30-day time limit coincides with the 30-day period established in Rules 303(a) and 304(a) governing the filing of notices of appeal from final judgments (Ill. S. Ct. R. 303(a)(1) (eff. Jan. 1, 2015), R. 304(a) (eff. Mar. 8, 2016)), and postjudgment motions directed at final judgments (see, *e.g.*, 735 ILCS 5/2-1203(a) (West 2016)) that toll the time in which to file a notice of appeal (Ill. S. Ct. R. 303(a)(1)). Furthermore, our supreme court has repeatedly observed that a motion for sanctions filed within 30 days of the circuit court's final judgment tolls the appealability of the final judgment until a judgment is entered on the pending motion for sanctions " 'absent a finding pursuant to Rule 304(a) that there is no just reason to delay enforcement or appeal.' " *John G. Phillips & Associates*, 197 Ill. 2d at 340 (citing *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 468 (1990)). It follows that, where the circuit court makes a Rule 304(a) finding, a party that wants to appeal that final judgment must file a notice of appeal within 30 days, and an unresolved motion for Rule 137 sanctions—or a motion for sanctions filed after the timely filed notice of appeal but within 30 days of the judgment— will not toll the time in which the notice of appeal must be filed. It also follows that the circuit court retains jurisdiction over a motion for sanctions filed within 30 days of the judgment containing a 304(a) finding, even if a notice of appeal has already been filed, since the sanctions motion is timely under Rule 137(b). See *Niccum v. Botti, Marinaccio, DeSalvo & Tameling*, 182

Ill. 2d 6, 7-9 (1998). In other words, Rule 137(b) requires that a Rule 137 sanctions motion must be filed within 30 days after the circuit court makes a Rule 304(a) finding that a there is no just reason to delay enforcement or appeal of a final judgment fully disposing of one or more but fewer than all of the parties or claims, otherwise the circuit court loses jurisdiction over that part of the cause of action in which the allegedly offending pleading, motion, or other document was filed; if the sanctions motion is timely filed, the circuit court retains jurisdiction until the timely filed Rule 137 motion is resolved. See *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20 (explaining that the circuit court "loses jurisdiction after 30 days from the time the final judgment is entered when either (1) a posttrial motion directed against the judgment is not filed, (2) 30 days pass from the time the trial court disposes of a timely filed posttrial motion, or (3) a notice of appeal is timely filed.").

¶ 20    In sum, if the circuit court enters a final judgment disposing of all of the claims of all the parties, a litigant has 30 days from the entry of that final judgment to assert a Rule 137 claim. If the circuit court enters a judgment that conclusively disposes of one or more but fewer than all of the parties or claims—such as a dismissal with prejudice, or the entry of a judgment on the pleadings or summary judgment—a litigant must assert any Rule 137 claim within 30 days from the entry of a Rule 304(a) finding that there is no just reason to delay enforcement or appeal of a specific final judgment; Rule 137(b)'s 30-day clock begins to run on the date that the circuit court makes an express written finding pursuant to Rule 304(a). Ill. S. Ct. R. 304(a) (stating that an express written finding "may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *** In computing the time provided in Rule 303 for filing the notice of appeal, the entry of the required finding shall be treated as the date of the entry of final judgment.").

¶ 21    Here, on November 30, 2016, the circuit court, pursuant to Rule 304(a), entered a final and appealable judgment on all of Lakeshore's claims, bringing an end to all of Lakeshore's claims against all defendants. On November 30, 2016, the clock began to run on all postjudgment activity involving Lakeshore's claims that were subject to the circuit court's judgment, including any motions to vacate or reconsider the judgment, motions for sanctions, or the filing of a notice of appeal. Here, because no postjudgment motions were filed against the circuit court's November 30, 2016, final judgment, defendants were required to file their Rule 137 motion for sanctions based on the pleadings, motions, or other papers Lakeshore filed in connection with its claims against Loan within 30 days of the final judgment, or within an extended period allowed by the circuit court. The circuit court here did not extend the time for filing a motion for sanctions. Instead, Lakeshore filed a timely notice of appeal on December 28, 2016, while defendants waited until May 25, 2017, to file a motion for sanctions in the circuit court. By May 25, 2017, the circuit court no longer had jurisdiction over any of Lakeshore's claims because Lakeshore filed a timely notice of appeal, and the circuit court no longer had jurisdiction to hear defendants' Rule 137 motion because more than 30 days had passed since the circuit court's November 30, 2016, final judgment. Defendants' Rule 137 sanctions motion was untimely, and the circuit court did not have jurisdiction to entertain defendants' sanctions motion.

¶ 22    To further demonstrate the application of the time limitations set forth in Rules 137, 303, and 304(a) to this case, consider a scenario where Lakeshore did not timely appeal and waited until May 25, 2017, to file a motion to reconsider or a notice of appeal from the circuit court's November 30, 2016, final judgment. Lakeshore's filings would have been untimely due to the Rule 304(a) finding; the circuit court would have no authority to alter or amend its November 30,

11

2016, judgment, and this court would have no jurisdiction over Lakeshore's untimely notice of appeal. The same must be true for defendants' Rule 137 motion filed more than 30 days after entry of the final judgment pursuant to Rule 304(a) that conclusively resolved the claims related to the allegedly sanctionable conduct.

¶ 23    Finally, the fact that Loan had a pending counterclaim at the time of the circuit court's final judgment on Lakeshore's claims does not alter our analysis. All of the alleged sanctionable conduct was known to defendants at the time of the November 30, 2016, final judgment, and defendants' sanctions motion did not allege any fraudulent concealment by Lakeshore. Instead, defendants' motion for sanctions was focused solely on the allegations in Lakeshore's complaints that were finally disposed of and timely appealed. Defendants' Rule 137 motion for sanctions was not directed at any pleadings, motions, or documents filed by Lakeshore in connection with Loan's unrelated counterclaim. Had Loan's counterclaim related to or depended on proof of the same or similar operative facts underlying Lakeshore's claims, a Rule 304(a) finding would have been ineffective and the November 30, 2016, final judgment would not have been immediately appealable. Our supreme court recognized in *Blumenthal* that, where "one claim based on the same operative facts is stated differently in multiple counts," or "where an order only disposes of certain issues relating to the same basic claim," the circuit court's Rule 304(a) finding does not result in a final and appealable order. 2016 IL 118781, ¶ 27; see also *Lozman v. Putnam*, 328 Ill. App. 3d 761, 771-72 (2002) (dismissing an appeal in part where a Rule 304(a) finding was improper, since the circuit court dismissed fewer than all of the claims in a complaint with prejudice and made a Rule 304(a) finding, even though some of the adjudicated and unadjudicated claims could not be severed and "much factual overlap exist[ed] between the decided and retained counts."). Here, Loan's counterclaim, a discrete portion of the

overall controversy between the parties, did not in any manner arise out of or depend on proof of any element of Lakeshore's claims that were adjudicated by the circuit court's November 30, 2016, final order containing a Rule 304(a) finding. Defendants' supplemental brief does not assert that any of the allegedly sanctionable conduct related in any manner to Loan's counterclaim. Therefore, the circuit court's November 30, 2016, final and appealable judgment on all of Lakeshore's claims started the 30-day clock for defendants to bring any Rule 137 motions directed at Lakeshore's conduct in connection with Lakeshore's claims.

¶ 24    To find otherwise would undermine the purpose of Rule 137, which is to provide "a speedy and efficient remedy" for violations of the rule. *Short*, 2018 IL App (2d) 160405, ¶ 44. Defendants waited nearly five months after obtaining a favorable final and appealable judgment disposing of all of Lakeshore's claims before filing a Rule 137 claim attacking Lakeshore's pleadings. Defendants' delay in filing their Rule 137 sanctions claim ignored both the time limit set forth in Rule 137(b) and the overall purpose of Rule 137. Defendants failed to assert any claim for sanctions within the time provided by Rule 137, and thus the circuit court no longer had jurisdiction to consider defendants' specific Rule 137 claims.

¶ 25                                        III. CONCLUSION

¶ 26    For the foregoing reasons, we vacate the circuit court's October 25, 2017, judgment granting in part and denying in part defendants' motion for Rule 137 sanctions and awarding defendants $825.

¶ 27    Judgment vacated.

¶ 28    PRESIDING JUSTICE MIKVA, dissenting:

¶ 29    I write separately because I believe that defendants' motion for sanctions in this case was timely filed; the case as a whole was still pending in the circuit court and the circuit court therefore had jurisdiction to entertain the motion.

¶ 30    The majority holds that when a circuit court's rulings on one or more but not all of the claims in a case are appealed under Illinois Supreme Court Rule 304(a) (eff. March 8, 2016), the 30–day deadline for filing a sanctions motion set out in Illinois Supreme Court Rule 137(b) (eff. July 1, 2013) is triggered for any sanctions motion relating to the claims that are the subject of that interlocutory appeal. In my view, this represents a significant new requirement not contemplated by the plain language of Rule 137(b).

¶ 31    Rule 137 provides that the signature of an attorney or a litigant on any pleading, motion, or other document is a certification that the document has a proper basis in law and fact and is not "interposed for any improper purpose." Ill. S. Ct. R. 137(a) (eff. July 1, 2013). Sanctions may be imposed for the signing of a document in violation of the rule. *Id*. Subsection (b) of Rule 137, governing the procedure and timing for bringing a motion for sanctions under the rule, provides as follows:

> "Procedure for Alleging Violations of This Rule. All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other document referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action. Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion." Ill. S. Ct. R. 137(b) (eff. July1, 2013).

¶ 32    This provision makes several things clear. First, a sanctions motion must be brought "within the civil action" in which the improper pleading, motion or other document was filed. Second, the sanctions motion is to be "considered a claim within th[at] same civil action." Third, the sanctions motion must be filed within 30 days of the "final judgment" concluding that action. Most notably, as our supreme court has stressed, a Rule 137 motion does not initiate a separate proceeding, but functions as an additional "claim" brought in the same civil action that the parties are already litigating. See *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 340 ("[M]otions for sanctions under our Rule 137 are 'claims' in the cause of action with which they are connected."). And it is well-established that additional claims may be added to a case at "any time before final judgment." 735 ILCS 5/2-616(a) (West 2016) (liberally permitting amendments adding new causes of action).

¶ 33    The majority holds that the 30-day deadline in Rule 137(b) was triggered on November 30, 2016, when to the trial court made a finding under Rule 304(a) (eff. March 8, 2016) as to the dismissal with prejudice of all of Lakeshore's claims against defendants. At that point, Loan's counterclaim against Lakeshore was still pending. Rule 304(a), allowing for the immediate appeal of one or more claims while others remain pending in the circuit court, is an exception to the general rule that appeal must await the final disposition of all claims in a case. Under Rule 304(a), a judgment of the circuit court adjudicating anything fewer than *all* the claims or rights and liabilities of *all* the parties is only final and appealable when the circuit court makes an express finding "that there is no just reason for delaying either enforcement or appeal or both." Where a Rule 304(a) appeal has been taken, the "civil action" that the claims subject to the appeal were a part of clearly remains pending in the circuit court.

¶ 34    Here, because the "civil action" was still pending on Loan's counterclaim against Lakeshore when defendants filed their motion for sanctions, in my view the motion was timely under Rule 137(b). The circuit court still had the case before it and retained jurisdiction to consider a sanctions motion until "30 days of the entry of final judgment, or if a timely post-judgment motion [was] filed, within 30 days of the ruling on the post-judgment motion." Ill. S. Ct. R. 137(b) (eff. July1, 2013).

¶ 35    There are certainly reasons why it may be desirable for a party to file a sanctions motion relating to a claim that is the subject of the Rule 304(a) appeal soon after a final order was entered on that claim. For example, the circuit court would have the opportunity to consider the motion while the facts relating to it are fresher. But if this were of real concern, parties would be encouraged to file sanctions motions soon after an objectionable pleading is filed. This court has, to the contrary, advised litigants that "motion[s] for relief under Rule 137 at such an early stage of a proceeding should be pursued cautiously." *Peterson v. Randhava*, 313 Ill. App. 3d 1, 8 (2000). And it may be desirable for a sanctions motion to be filed sooner rather than later so that an appeal from the grant or denial of such a sanctions motion can be consolidated with the Rule 304(a) appeal of the underlying claim. If the sanctions motion is not required to be filed until the end of the case, it may be that a party, who believed its participation in the litigation had ended with the resolution of a Rule 304(a) appeal, could be drawn back into the case through a motion for sanctions. But all of these concerns can be raised without imposing the deadline that the court has imposed here, by virtue of the fact that, "[t]he decision whether to impose sanctions under Rule 137 is committed to the sound discretion of the circuit judge." *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998).

¶ 36    Of course there are equally important reasons why a party's access to relief under Rule 137 should not be constrained by an overly narrow reading of the rule's timing requirements. Most significantly, it may not be at all clear that the basis for a sanctions motion relates *solely* to claims that have been appealed pursuant to Rule 304(a). Here, for example, although the majority has determined that defendants' sanctions motion related solely to Lakeshore's claims and not to Loan's counterclaim, Loan suggests in its supplemental briefing on this issue that the matter is not so clear. The majority's holding will, in my view, encourage parties to file several sanctions motions, when one would suffice, and will introduce disputes regarding the timing of those motions that were never contemplated by Rule 137.

¶ 37    My view, shared by all the parties to this case until this court suggested otherwise and requested additional briefing on the issue, is that under Rule 137(b) a sanctions motion may be brought any time until 30 days after the "civil action" as a whole has been concluded. Defendants' sanctions motion was timely and the circuit court had jurisdiction to consider it.