(No. 89665.—)

JOHN G. PHILLIPS & ASSOCIATES, Appellant, v.
JEFFREY M. BROWN, Appellee.

*Opinion filed September 20, 2001.*

Thomas L. O'Carroll, of John G. Phillips & Associates, of Chicago, for appellant.

Gary P. Hollander, of Potratz & Hollander, P.C., of Chicago, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, the law firm of John G. Phillips & Associates (Phillips), filed suit against defendant Jeffrey Brown for intentional interference with prospective economic advantage. The circuit court of Cook County dismissed the complaint with prejudice as a sanction for discovery violations. Phillips appealed; the appellate court dismissed the appeal because the notice of appeal was untimely (No. 1—99—4078 (unpublished order)). We granted Phillips' petition for leave to appeal (177 Ill. 2d R. 315(a)), and now affirm the judgment of the appellate court.

## BACKGROUND

Because of the posture of this case and the question we are called upon to decide, the allegations in the complaint are of only passing importance. In short, defendant Brown was once an associate at Phillips. He left to go to another firm, and when he did so, two clients with whom he had been working transferred their cases to the new firm, allegedly at Brown's behest.

The complaint was originally filed in 1995. On November 2, 1999, the court dismissed the entire complaint, with prejudice, as a discovery sanction. The dismissal did not contain Rule 304(a) (155 Ill. 2d R. 304(a)) language. On November 19, 1999, Phillips filed a notice of appeal from the dismissal. On December 1, 1999, Brown filed a motion for sanctions under Rule 137 (155 Ill. 2d R. 137). The trial court denied Brown's motion for sanctions on December 13, 1999, in an order which did contain Rule 304(a) language. Brown did not appeal from the denial of sanctions, and Phillips never filed a new notice of appeal.

In the appellate court Brown moved to dismiss Phillips's appeal for lack of jurisdiction. He argued that the November 19 notice of appeal was premature because of

the subsequent motion for sanctions. The appellate court granted the motion, dismissing the appeal.

## ANALYSIS

Before this court, the sole issue is whether the appellate court acted correctly in dismissing the appeal. The resolution of this question turns on interpretation of the rules promulgated by this court. Accordingly, our standard of review is *de novo. People v. Drum*, 194 Ill. 2d 485, 488 (2000) ("[t]he interpretation of a supreme court rule, like a statute, is a question of law that we review *de novo*"); *In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998).

The appellate court was correct in dismissing the appeal.

First, there can be no dispute that according to the rules of this court (155 Ill. 2d Rs. 301, 304(a)), appeals may ordinarily only be taken from final orders which dispose of every "claim"—*i.e.*, "any right, liability or matter raised in an action." *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465 (1990). Unless an order resolves all claims, "it must contain an express finding that there is no just reason for delaying an appeal. Otherwise, the order is not appealable." *Marsh*, 138 Ill. 2d at 465. See also 155 Ill. 2d R. 304(a) ("an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both").

Further, it is clear that motions for sanctions under our Rule 137 are "claims" in the cause of action with which they are connected. Rule 137, which permits parties to request sanctions for improper filings, explicitly provides that "*[a]ll proceedings under this rule shall be brought within the civil action in which the pleading, motion or other paper referred to has been filed, and no*

violation or alleged violation of this rule shall give rise to a separate civil suit, but *shall be considered a claim within the same civil action.*" (Emphases added.) 155 Ill. 2d R. 137. In this regard, filing a Rule 137 motion is the functional equivalent of adding an additional count to a complaint, or counterclaim, depending on which party files the motion.

Thus, since a motion for sanctions under Rule 137 is a "claim," and a notice of appeal cannot be filed before the trial court has disposed of all claims, a notice of appeal cannot be filed before the trial court has ruled on all Rule 137 motions. This court has already so held, in *Marsh*. There, we stated that "no appeal may be taken from an otherwise final judgment entered on a claim when a section 2—611 claim remains to be resolved, absent a finding pursuant to Rule 304(a) that there is no just reason to delay enforcement or appeal." *Marsh*, 138 Ill. 2d at 468. Section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611), which was at issue in *Marsh*, was preempted by and incorporated into Rule 137. See *Marsh*, 138 Ill. 2d at 467.

Had *Marsh* not been clear enough, we were subsequently faced with a situation nearly identical to the case at hand in *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6 (1998). There, as here, the trial court dismissed a complaint with prejudice, the plaintiff filed a notice of appeal, and the defendant subsequently filed a Rule 137 motion for sanctions. We recognized that as a general rule "[a] final order is appealable as of right, and filing a notice of appeal is the jurisdictional step which initiates appellate review." But we immediately noted that "[t]he filing of a timely motion for sanctions in the trial court, however, renders a notice of appeal from such an order premature and precludes appellate jurisdiction." *Niccum*, 182 Ill. 2d at 7. See also *Gaynor v. Walsh*, 219 Ill. App. 3d 996, 1002

(1991) (dismissing appeal for want of jurisdiction where defendant filed a Rule 137 motion after plaintiff had filed notice of appeal following denial of motion for reconsideration of summary judgment); P. Esposito, *Timing the Notice of Appeal in Light of Requests for Attorneys' Fees and Costs: The Illinois Approach*, 4 App. L. Rev. 55, 61-62 (1992) ("a notice of appeal filed either before or during the pendency of a timely filed Rule 137 motion is worthless in the absence of a Rule 304(a) finding"). Although in *Niccum* we ultimately held that the appellate court had jurisdiction over the appeal, this was only because the trial court had included Rule 304(a) language in the final order, which rendered it appealable despite the subsequently filed sanctions claim. *Niccum*, 182 Ill. 2d at 9.

Phillips recognizes that *Marsh* and *Niccum* are lethal to its position and requests that this court overrule those decisions. Plaintiff contends that the decisions are confusing and inherently contradictory; conflict with the rule that appellate jurisdiction "attaches *instanter* upon the filing of a timely notice of appeal"; and permit abuse of the judicial process to deprive a litigant of his right to appeal. Plaintiff requests that we change the law of this state so that a timely notice of appeal confers jurisdiction upon the appellate court regardless of any subsequent motion for sanctions in the trial court. We are unpersuaded by plaintiff's arguments.

First, the reasoning of *Marsh* and *Niccum* is straightforward. We have set it out above, but we shall reiterate: (1) absent a Rule 304(a) finding, a notice of appeal may not be filed before the trial court has disposed of all claims; (2) requests for sanctions under Rule 137 are claims within the underlying action; therefore (3) absent a Rule 304(a) finding, a notice of appeal may not be filed until the trial court has disposed of all requests for sanctions under Rule 137. We see no ambiguity or basis for confusion here.

The reason that our rules are so crafted is our often-stated policy against piecemeal appeals. Rule 137 motions deal with the propriety of filings in the underlying action. Appellate review of rulings on such motions will require the reviewing court to examine not only the particular filing or filings which were the subject of the motion, but often the entire context of the surrounding litigation as well. Accordingly, such appeals should be considered in tandem with any appeal from the litigation from which it was spawned. This is why Rule 137 provides that motions thereunder are claims in the underlying litigation—review of such a motion will almost inevitably require familiarity with the surrounding case.

Plaintiff also contends that *Marsh* is inherently contradictory. Plaintiff notes that *Marsh* held that a motion for sanctions is not a post-trial motion. See *Marsh*, 138 Ill. 2d at 461-64. Plaintiff contends that since only timely post-trial motions toll the time in which a notice of appeal must be filed, an appellant must file a notice of appeal within 30 days after the final order, in direct contrast to the ultimate holding in *Marsh* that a notice of appeal cannot be filed until all sanctions motions have been resolved.

This argument is a red herring. Plaintiff is correct—this court held in *Marsh* that a motion for sanctions is not a post-trial motion. However, as we noted in *Marsh*, this does not end the inquiry of when a notice of appeal must be filed. *Marsh*, 138 Ill. 2d at 464. The reason that a notice of appeal need not be filed until after the disposition of a motion for sanctions is *not* because a motion for sanctions is a post-trial motion, but because, again, it is a *claim*, and a notice of appeal may not be filed until after the trial court has finally disposed of all claims. See J. Eaton, W. Quinlan & R. Stern, *The Notice of Appeal*, in Illinois Civil Appellate Practice § 8.7 (Ill. Inst. for Cont. Legal Educ. 1997) ("A notice of appeal that is filed before

the entry of a final judgment, or Rule 304(a) certification if necessary, is a nullity").

Plaintiff protests that *Marsh* establishes a scheme in which jurisdiction "bounces" back and forth between the appellate court and the circuit court. It contends that the circuit court loses all jurisdiction when a notice of appeal is filed, vesting jurisdiction in the appellate court, and that it is unseemly for this court to condone a rule which permits jurisdiction to revert to the circuit court once it has passed to the appellate court. We are not persuaded by this argument. Even leaving aside the question of sanctions, the circuit court does not completely lose jurisdiction upon the filing of a notice of appeal. It is beyond dispute that the circuit court has jurisdiction to act on a timely post-judgment motion. 735 ILCS 5/2—1301(e) (West 2000) ("[t]he court *** may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable"). This is true even if that motion is filed after a notice of appeal, because the filing of the post-judgment motion renders the prior notice of appeal of no effect. See 155 Ill. 2d R. 303(a); *Chand v. Schlimme*, 138 Ill. 2d 469, 477-78 (1990).

Even if plaintiff is technically correct, that our resolution of this case means that the appellate court becomes vested with jurisdiction immediately upon the filing of a notice of appeal but can be divested thereof upon the subsequent filing of a motion for sanctions, the same minor peculiarity obtains when a post-judgment motion is filed after a notice of appeal. We note that because the time limit for filing Rule 137 motions is the same as the limit for filing notices of appeal—30 days from the entry of final judgment or disposition of the last timely post-judgment motion—the appellate court will have "temporary" jurisdiction for only a few days at most. We see neither a conceptual nor a practical difficulty with such a rule, especially in the case before us.

Nor, contrary to plaintiff's argument, does our rule promote abuse of the judicial process to deprive a litigant of his right to appeal. Plaintiff suggests that *Marsh* "facilitates, and arguably encourages, fraudulent pleadings [*i.e.* motions for sanctions] which are filed for no other reason other [*sic*] than to obliterate the appellate court's jurisdiction." Plaintiff argues, *e.g.*, that under *Marsh* and *Niccum* the victor in the trial court could preclude appellate review of the judgment indefinitely by repeatedly filing Rule 137 motions in the trial court. There are two flaws with this reasoning. First, of course, fraudulent filings—including improper motions for sanctions under Rule 137—are sanctionable. If opposing counsel were filing Rule 137 motions in bad faith, one could seek sanctions for this conduct by filing one's own Rule 137 motion. Second, and in more direct response to plaintiff's concern about deprivation of the right to appeal, one may request at any time that the trial court add Rule 304(a) language to the final order which disposed of all issues other than sanctions. See 155 Ill. 2d R. 304(a) ("[s]uch a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party"). The addition of such language would render the order immediately appealable notwithstanding any Rule 137 claims.

We see no reason to alter this state's rules of appellate procedure so as to accommodate this plaintiff's failure to abide thereby. We acknowledge plaintiff's observation that some jurisdictions differ regarding the efficacy of a notice of appeal filed before a motion for sanctions. However, plaintiff has presented us with no compelling reason for preferring the rule of these other jurisdictions over our own. As we have previously stated, our rule is grounded in the public policy against piecemeal appeals. Sanctions motions for improper filings are, as a general matter, inextricably interwoven with the case in which they arise. Thus they should, as a rule, be considered

together with any appeal from the underlying case. Of course, in individual cases a trial court may believe that the appeal of the underlying judgment should not have to await its resolution of a sanctions claim. In such a case, the court may enter a Rule 304(a) finding. However, the better general rule is that appeals should be unitary.

As a final attempt to save its appeal, plaintiff contends that the appellate court had jurisdiction in this case even under *Niccum*. Phillips reaches this conclusion by positing that the fact that the trial court dismissed the complaint "with prejudice" should serve as the equivalent of Rule 304(a) language. We reject this argument. On its face Rule 304(a) requires the trial court to make an *"express written finding* that there is no just reason for delaying either enforcement or appeal or both." (Emphasis added.) 155 Ill. 2d R. 304(a). The courts of this state are uniform in strictly enforcing this requirement. See, *e.g.*, *Bank of Matteson v. Brown*, 283 Ill. App. 3d 599, 603 (1996) (" '[t]he absence of a Rule 304 finding in a judgment—for whatever reason—leaves the judgment final but unenforceable and unappealable' "), quoting *Hamer v. Lentz*, 155 Ill. App. 3d 692, 695 (1987); *Hynes v. Department of Revenue*, 269 Ill. App. 3d 697, 707 (1995) (court lacked jurisdiction "for the reason that the words of art of Rule 304(a) that are missing from those orders preclude our exercising jurisdiction"). Moreover, this court has spoken explicitly on this topic: "where appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability." *In re Application of the Du Page County Collector*, 152 Ill. 2d 545, 551 (1992). An order which simply dismisses a complaint—even "with prejudice"—does not invoke Rule 304(a). As the trial court's order in this case made absolutely no reference to appealability, or even to Rule 304(a), the dismissal was therefore not appealable under that rule.

346

## CONCLUSION

For the reasons above stated, we affirm the judgment of the appellate court.

*Affirmed.*