2020 IL App (1st) 191213-U

FIFTH DIVISION
July 31, 2020

No. 1-19-1213

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| ILLINOIS DEPARTMENT OF HEALTHCARE AND FAMILY SERVICES *ex rel.* CANDICE N. ISABELLE, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Petitioner-Appellant, | ) ) | |
| v. | ) | No. 18 D 90830 |
| | ) | |
| JOSEPH C. PRICE, | ) ) | |
| | ) | Honorable Mark Lopez, |
| Respondent-Appellee. | ) | Judge Presiding. |

JUSTICE DELORT delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

## ORDER

¶ 1    *Held*: We dismiss this appeal for lack of jurisdiction. The circuit court's order suspending appellee's support obligation was not an interlocutory injunction permitting review pursuant to Illinois Supreme Court Rule 307(a). Likewise, the appealed orders do not constitute a "final judgment" within the meaning of Illinois Supreme Court Rules 301 and 303.

¶ 2                                    BACKGROUND

¶ 3    Candice Isabelle and Joseph Price are the unmarried parents of an eight-year-old child. Isabelle lives with the child in Florida, and Price lives in Illinois. In 2018, the Illinois

Department of Healthcare and Family Services (IDHFS) filed a "uniform support petition" on Isabelle's behalf. In his *pro se* answer to the petition, Price acknowledged that he was the child's father and alleged that Isabelle had moved the child to Florida with only a week's notice and without his agreement.

¶ 4     After a hearing, the court entered a temporary support order. It ordered Price to pay monthly child support and fifty percent of all medical expenses not covered by insurance. The order also set a future date for a hearing on a permanent support order. On January 9, 2019, the circuit court entered an agreed permanent support order and took the case "off call".

¶ 5     The same day, Price filed a one-sentence motion "for visitation rights for [the child]." On March 13, 2019, the circuit court entered an order, finding that "[Isabelle] and the minor child have relocated to Florida without permission of the court." Consequently, the court ordered that "[t]he minor child is to return to the State of Illinois," and "*sua sponte* suspended support" until Isabelle appeared in person.

¶ 6     On April 12, 2019 IDHFS moved the circuit court for reconsideration of the March 13 order. IDHFS argued, in part, that the circuit court lacked statutory authority under the Uniform Interstate Family Support Act (UIFSA) (750 ILCS 22/101 *et seq.* (West 2016)) to enter orders on any issues other than support and parentage, including visitation. On May 15, 2019, the circuit court denied the motion to reconsider and, once again, took the case "off call." This appeal follows.

¶ 7                              ANALYSIS

¶ 8     Price has not filed an appearance in this court, nor has he filed a brief. Arguing that this case presents a single, straight-forward issue of law, IDHFS moved this court to review the case on its brief only. We granted that motion. See *First Capitol Mortgage Corp. v. Talandis*

*Construction Corp.*, 63 Ill. 2d 128, 131 (1976) (reviewing courts may address the merits of a case on one party's brief only "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 9    IDFHS compellingly argues that the circuit court exceeded its statutory authority by entering the March 13 and May 15 orders, relying on authority such as *Dep't of Healthcare & Family Services v. Arevalo*, 2016 IL App (2d) 150504, ¶ 17 ("The UIFSA does not grant the court authority to render a judgment relating to child custody."). However, we cannot reach the merits of those arguments because we lack jurisdiction to hear this appeal.

¶ 10    This court has an independent duty to consider its jurisdiction. *Archer Daniels Midland Co. v. Barth*, 103 Ill. 2d 536, 539 (1984). IDHFS makes alternative arguments about this court's jurisdiction. First, it argues that the circuit court's March 13 order was a preliminary injunction, and that we derive our jurisdiction from Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) (providing for review of interlocutory orders granting injunctions). Alternatively, IDHFS argues that the circuit court entered a "final judgment," and that we have jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) (providing for review of final judgments in civil cases). Neither argument is persuasive.

¶ 11    Rule 307(a) requires that in appeals from interlocutory injunctions, the appellant must designate its notice of appeal as "Notice of Interlocutory Appeal" and must file a Rule 328 supporting record within thirty days of the order being appealed. Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). IDHFS did not comply with either of these requirements.

¶ 12    Moreover, the March 13 order is not injunctive. "To determine what constitutes an appealable injunctive order under Rule 307(a)(1) we look to the substance of the action, not its form." *In re A Minor*, 127 Ill. 2d 247, 260 (1989). "Actions of the circuit court having the force

and effect of injunctions are still appealable even if called something else." *Id.* Although the word "injunction" does not appear in any of the circuit court's orders, IDHFS argues that the March 13 order is a preliminary injunction because it orders Isabelle to appear in court and it orders the return of the child to Illinois.

¶ 13    As to the requirement that the child return to Illinois, the order is fatally unclear. The order states that "[t]he minor child is to return to the State of Illinois." That language does not order *anyone* to do anything. The most natural reading is that the child himself is ordered to return to Illinois, but the court surely did not mean to enjoin an eight-year-old nonparty to make his own way across the country. Given the facts of the case, a logical interpretation is that the court intended to order Isabelle to bring the child back to Illinois. Regardless of the court's intention, however, the order simply fails to enjoin anyone.

¶ 14    Nor is the portion of the order directing Isabelle to appear in court an injunction. "Orders of the circuit court which can be properly characterized as 'ministerial,' or 'administrative'—because they regulate only the procedural details of litigation before the court—cannot be the subject of an interlocutory appeal." *In re A Minor*, 127 Ill. 2d at 261. The court's requirement that Isabelle personally appear in court is such an order. That order is "administrative" or "ministerial" because it relates only to the procedure of the court, not the day-to-day relationship between the parties. The requirement that Isabelle personally appear in court is not, therefore, an injunction for the purposes of Rule 307(a).

¶ 15    We turn, then, to the arguments regarding Rules 301 and 303, which govern appeals from final judgments in civil cases. In general, parties may only appeal from final orders that dispose of every claim in a case. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339 (2001). Where postjudgment motions or separate claims remain pending, one generally may not appeal.

See Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017) (notice of appeal filed "before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim," is not effective until the entry of an order disposing of the motion or claim); Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016) (allowing appeals of final judgments resolving fewer than all claims *only* with "an express written finding that there is no just reason for delaying either enforcement or appeal").

¶ 16    In a case for paternity and child support, an order establishing paternity and fixing the amount of support is a final judgment because it is "the final determination of the ultimate rights of the parties put in issue by the complaint". *Deckard v. Joiner*, 44 Ill. 2d 412, 417 (1970). The only issue raised in the uniform support petition was child support, so the January 9 agreed permanent support order was a final judgment. It resolved the one and only issue, was labeled as "permanent", and took the case "off call."

¶ 17    Price's subsequent motion for visitation, therefore, was a postjudgment motion within the meaning of Rule 303(a)(1); it sought "modification of the judgment" by adding a provision for visitation. The circuit court's March 13 order did not dispose of that postjudgment motion; it merely suspended enforcement of the January 9 judgment and ordered Isabelle to appear at the next hearing date. IDHFS then filed its own motion to reconsider the entry of the March 13 order. The court's May 15 order denied that motion, but left Price's postjudgment motion unresolved.

¶ 18    Although the May 15 order took the case "off call," it did not dispose of the last pending postjudgment motion. Similarly, the March 13 order left Price's motion unresolved; it merely suspended enforcement of—rather than modified—the January 9 judgment. Consequently,

neither the March 13 order nor the May 15 order constitutes an appealable "final order" under Rules 301 and 303(a).

¶ 19                                    CONCLUSION

¶ 20    For the reasons stated above, this appeal is premature, and this court lacks jurisdiction to hear it.

¶ 21    Dismissed.