NOTICE
Decision filed 01/21/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200249-U

NO. 5-20-0249

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JARED M. SMITH, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Johnson County. |
| | ) | |
| v. | ) | No. 20-L-4 |
| | ) | |
| JEFFREY BROWN, KIMBERLY BIRCH, PENNY GEORGE, NIGEL VINEYARD, WEXFORD HEALTH SOURCES, INC., MATTHEW SWALLS, DAVE WHITE, and ROB JEFFREYS, | ) ) ) ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Jeffrey Brown, Kimberly Birch, Penny George, and | ) | James R. Williamson, |
| Wexford Health Sources, Inc., Defendants-Appellees). | ) | Judge, presiding. |

_____

JUSTICE WHARTON delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss this appeal because the order was not final or subject to any exception allowed pursuant to Illinois Supreme Court rules, and thus this court does not have appellate jurisdiction.

¶ 2    The plaintiff, Jared M. Smith, appeals from the trial court's order denying his motion for issuance of subpoenas. The plaintiff filed his *pro se* lawsuit against various state employees and medical providers. At issue was the plaintiff's medical care and treatment following an incident on June 24, 2019. On that date, the plaintiff was an inmate in an Illinois Department of Corrections facility. On April 20, 2020, he filed his claims against the defendants alleging

1

medical malpractice, negligence, breach of the contract between the State of Illinois and its inmates, and violation of his constitutional eighth amendment (U.S. Const., amend. VIII) rights because the defendants displayed a deliberate indifference toward the plaintiff's serious medical needs. The order the plaintiff appeals involves his attempt to obtain private addresses for service of process on defendants Nigel Vinyard and Matthew Swalls. Vinyard and Swalls retired from employment with the State of Illinois after June 24, 2019, the date of the incident, and so were no longer able to be served at the correctional institution where they formerly worked.

¶ 3                                  I. BACKGROUND

¶ 4     On June 24, 2019, the plaintiff experienced chest pain while incarcerated. Illinois Department of Corrections staff moved him to the Vienna Correctional Center Health Care Unit. Upon arrival in the unit, correctional officer Flatt notified registered nurse Jeffrey Brown of the plaintiff's chest pain complaints. Brown mandated that the plaintiff first complete a "money voucher." Thereafter, a second registered nurse took plaintiff to have an electrocardiogram. That diagnostic test allegedly revealed possible left atrial enlargement, left axis deviation, and incomplete right handle branch block. The overall medical diagnostic impression was that the electrocardiogram reflected abnormal findings. The defendant's blood pressure was registered with a systolic reading of 134 and a diastolic reading of 94. The plaintiff alleges that the health care unit staff did not call the on-call physician for guidance. Furthermore, the staff did not call an ambulance. Plaintiff was returned to his cell.

¶ 5     Procedurally, plaintiff filed his complaint against the defendants on April 20, 2020, and summons for all defendants were issued on April 28, 2020. A return of service filed on May 5, 2020, established that defendant Dr. Kimberly Birch was served. On May 5, 2020, the summons for Vinyard and Swalls were returned as not served. Defendant Penny George was served on

2

May 11, 2020. Defendant Brown was served on May 20, 2020. Defendant Wexford Health Sources, Inc., was served on June 11, 2020. Defendants Dave White and Rob Jeffreys were not served by the Sangamon County Sheriff's Office due to the Covid-19 pandemic.

¶ 6 On May 20, 2020, the plaintiff filed a motion for reissuance of subpoenas to have certain unnamed defendants served. On June 30, 2020, the court denied the plaintiff's motion for reissuance of subpoenas by the following docket entry: "Court has reviewed plaintiff's Motion for Issuance of Subpoenas and the Defendant's counsel's Response. Motion is denied. Clerk is to transmit a copy of entry to plaintiff and def[endant]'s counsel. Order is to be prepared." On July 8, 2020, the Illinois assistant attorney general representing Jeffrey Brown and Penny George filed a proposed written order with the court.

¶ 7 On July 15, 2020, the plaintiff filed a motion seeking a protective order asking the court to reissue summons for defendants Vinyard and Swalls. The plaintiff asked the court to attach a protective order to the reissued summons. By doing so, the court would only allow the local sheriff's office(s) to obtain the retirees' home addresses without disclosing the addresses to the plaintiff.

¶ 8 On July 23, 2020, the court entered its written order denying the plaintiff's motion for the reissuance of summons. From a review of the record on appeal, this order was the proposed order filed by the office of the Illinois Attorney General on July 8, 2020. The court stated:

> "THIS CAUSE came before the Court on the Plaintiff's Motion for Issuance of Subpoenas. After careful review of the filings,
>
> THIS COURT HEREBY FINDS that the Plaintiff has failed to demonstrate he is entitled to the requested relief. The Plaintiff is seeking to subpoena the home addresses of unserved, retired defendants from the records office of Vienna Correctional Center, without stating whose addresses he seeks. The Freedom of Information Act ('FOIA') specifically exempts from disclosure records requested by persons committed to the Illinois Department of corrections ('IDOC') when those materials include records from staff members' personnel files. 5 ILCS 140/7(1)(e-6). Additionally, FOIA exempts from

3

disclosure records requested by persons committed to IDOC if the disclosure would risk harm to any person. 5 ILCS 140/7(1)(e-8). Since the unserved Defendants' home addresses are not subject to disclosure to Plaintiff under [either FOIA section cited], and due to the risk of harm to unserved Defendants if Plaintiff is provided with their home addresses:

IT IS HEREBY ORDERED that the Plaintiff's Motion is DENIED.

At this time, the Court does not find that it is necessary to disclose such addresses to law enforcement for the purposes of servicing summons."

¶ 9 The plaintiff filed his notice of appeal on August 18, 2020, from the trial court's June 30, 2020, and July 23, 2020,[1] orders.

¶ 10 On August 27, 2020, this court entered a show cause order questioning the court's jurisdiction over this case because the order was not final and did not seem to fall within an interlocutory order exception. On September 8, 2020, the plaintiff responded to the show cause order arguing that the July 23, 2020, order was final. This court then allowed the plaintiff's case to go forward and directed the parties to address the jurisdictional issue in their appellate briefs.

¶ 11                                                II. ANALYSIS

¶ 12 "The Illinois Constitution confers on the appellate court jurisdiction to hear appeals from final judgments entered in the circuit court." *Armstead v. National Freight, Inc.*, 2021 IL 126730, ¶ 20 (citing Ill. Const. 1970, art. VI, § 6). The Illinois Constitution provides that appeals "from final judgments of a Circuit Court are a matter of right to the Appellate Court." (Internal quotation marks omitted.) *Id.* In addition, the Illinois Constitution grants the Illinois Supreme Court the right to "provide by rule for appeals to the Appellate Court from other than final

---

[1] The plaintiff appears to believe that the trial court's July 23, 2020, order denied his July 15, 2020, motion for a protective order. The plaintiff is incorrect. On June 30, 2020, following the hearing on the plaintiff's motion for the reissuance of subpoenas, the court entered its denial as a docket entry and indicated that a formal order would be filed. On July 8, 2020, one week before the plaintiff filed his motion for a protective order, the assistant attorney general, who represented two of the defendants, filed a proposed written order with the court. The written order entered by the trial court on July 23, 2020, was identical in content to the July 8, 2020, proposed order in the court file.

judgments." (Internal quotation marks omitted.) *Id.* Unless there is a specific Illinois Supreme Court rule authorizing an appeal from a nonfinal order, the appellate court lacks jurisdiction to review the nonfinal order. *Id.* (quoting *Blumental v. Brewer*, 2016 IL 118781, ¶ 22).

¶ 13 Illinois Supreme Court Rules 301 and 303 provide additional guidance on appellate jurisdiction. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017). These rules provide that the appellate court has jurisdiction over an appeal of a final order if the appeal is filed within 30 days of the order. *Id.* A final and appealable order is one that disposes of all claims against all parties in the action. *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 339 (2001) (citing Ill. S. Ct. R. 301). The Illinois Supreme Court also provides exceptions to these rules for certain court orders in supreme court Rules 304, 306, 307, and 308. Ill. S. Ct. R. 304 (eff. Mar. 8, 2016); R. 306 (eff. Oct. 1, 2019); R. 307 (eff. Nov. 1, 2017); R. 308 (eff. Oct. 1, 2019). We will review the possible applicability of each of these rules.

¶ 14 Illinois Supreme Court Rule 304(a) allows an appeal from a final judgment that did not dispose of all parties or claims. Ill. S. Ct. R. 304(a). To appeal from this judgment, the trial court must have entered its express written finding "that there is no just reason for delaying either enforcement or appeal or both." *Id*. Here, even if denial of a motion to reissue summons could be construed as a final order, the trial court made no special finding. The trial court's order denying the plaintiff's motion to reissue summons does not qualify as a Rule 304(a) appeal.

¶ 15 Rule 304(b) allows a final judgment to be appealed in certain circumstances when the entire proceeding is not disposed. Ill. S. Ct. R. 304(b). Those circumstances involve (1) an estate, guardianship, or similar proceeding "which finally determines a right or status of a party"; (2) a receivership, rehabilitation, liquidation, or similar proceeding "which finally determines a right or status of a party and which is not appealable under Rule 307(d)" (an interlocutory appeal as of

5

right); (3) a grant or denial of relief pursuant to a section 2-1401 motion (735 ILCS 5/2-1401 (West 2018)) (relief from a final judgment after the 30-day filing deadline for an appeal has passed); (4) a final judgment pursuant to section 2-1402 of the Code of Civil Procedure (*id.* § 2-1402) (citation to discover assets); (5) a contempt of court finding imposing a monetary or other penalty; or (6) a judgment or modification of a judgment determining custody or allocation of parental responsibilities. Ill. S. Ct. R. 304(b)(1)-(6). The trial court's order denying the plaintiff's motion to reissue summons does not qualify as a Rule 304(b) judgment.

¶ 16    Illinois Supreme Court Rule 306(a) allows a party to petition the appellate court for leave to appeal from the following nine types of trial court orders: (1) an order granting a new trial; (2) an order granting or denying a motion on the basis of *forum non conveniens* or a transfer of venue; (3) an order denying a motion to dismiss on jurisdictional grounds; (4) an order granting or denying a transfer of venue on the assertion that the defendant is not a resident of the county where the case was commenced; (5) an interlocutory order affecting the care and custody of a minor, the allocation of parental responsibilities, or the relocation of a minor; (6) an order remanding the proceeding for a hearing *de novo* before an administrative agency; (7) an order granting a motion to disqualify the attorney for a party; (8) an order granting or denying class certification; or (9) an order denying a motion to dispose under the Citizen Participation Act (735 ILCS 110/1 *et seq.* (West 2018)). Ill. S. Ct. R. 306(a)(1)-(9). Here, the plaintiff did not petition this court for leave to appeal pursuant to Rule 306(a), and therefore, the trial court's order denying the plaintiff's motion to reissue summons does not qualify as a Rule 306(a) judgment.

¶ 17    Illinois Supreme Court Rule 307(a) allows appeals from the following seven types of interlocutory orders: (1) an order granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; (2) an order appointing or refusing to appoint a receiver or

sequestrator; (3) an order giving or refusing to give other or further powers or property to an appointed receiver or sequestrator; (4) an order placing or refusing to place a mortgagee in possession of mortgaged premises; (5) an order appointing or refusing to appoint a receiver, liquidator, rehabilitator, or other similar officer for a financial institution or insurance company or granting or refusing to grant custody of the institution or requiring turnover of any of its assets; (6) an order terminating parental rights or granting, denying, or revoking temporary commitment in adoption proceedings; or (7) an order determining eminent domain issues. Ill. S. Ct. R. 307(a). Here, the trial court's order denying the plaintiff's motion to reissue summons does not qualify as a Rule 307(a) interlocutory order.

¶ 18    Rule 307(d) allows an appeal from an order granting or denying a temporary restraining order or an order modifying, dissolving, or refusing to dissolve or modify a temporary restraining order. Ill. S. Ct. R. 307(d). Here, the trial court's order denying the plaintiff's motion to reissue summons does not qualify as a Rule 307(d) interlocutory order.

¶ 19    Illinois Supreme Court Rule 308 allows an interlocutory appeal if (1) the trial court finds that it involves a legal question on which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the case's ultimate termination; and (2) the appellate court grants leave to appeal, which is sought through an application. Ill. S. Ct. R. 308. Here, the trial court did not certify a legal question, and the plaintiff did not seek a permissive appeal in this court. Therefore, the trial court's order denying the plaintiff's motion to reissue summons does not qualify as a Rule 308(a) permissive appeal.

¶ 20    In this case, the trial court denied the plaintiff's motion to reissue subpoenas based upon Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2018)) concerns. The court noted that the Freedom of Information Act precluded persons committed to the Illinois Department of

7

Corrections access to "records from staff members' personnel files." *Id.* § 7(1)(e-6). The court also noted that release of personnel records to persons committed to the Illinois Department of Corrections is barred because release "would result in the risk of harm" to the persons whose records are requested. *Id.* § 7(1)(e-8). Thus, the plaintiff could not obtain the addresses of the two defendants who recently retired from employment at the facility where the plaintiff is incarcerated. In the plaintiff's original motion, he sought the addresses of these two retirees. After the trial court entered its order denying the plaintiff's motion on the record, the plaintiff sought the "protective order," which would allow the two retirees to be served with process but would not disclose their addresses to him. Thereafter, the trial court entered its formal written order explaining that it denied the plaintiff's motion to reissue summons based on the Freedom of Information Act exemption. Although the plaintiff believes that the trial court's July 23, 2020, order was intended to deny his motion for a protective order, that order did not address that motion. That motion had not been called for hearing before the plaintiff filed his notice of appeal.

¶ 21    In this case, the trial court's order denying the plaintiff's motion to reissue summons was not final as to all parties or all claims. In addition, the plaintiff's appeal did not otherwise qualify for appellate jurisdiction pursuant to any of the supreme court exceptions detailed in Rules 304, 306, 307, or 308. Therefore, this court does not have jurisdiction to hear the plaintiff's appeal.

¶ 22                                  III. CONCLUSION

¶ 23    For the reasons stated in this order, we dismiss the appeal.

¶ 24    Appeal dismissed.