NOTICE
Decision filed 08/06/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231225-U

NO. 5-23-1225

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| SHERETH DOENITZ, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 22-OP-525 |
| | ) | |
| BRIAN ANDERSON, | ) | Honorable |
| | ) | Roger B. Webber, |
| Respondent-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1 *Held*: The case is dismissed for a lack of jurisdiction as the record contains no final judgment, no written Rule 304(a) finding, and no finding of contempt.

¶ 2 Respondent, Brian Anderson, appeals from the trial court's two-year plenary stalking order issued in favor of petitioner, Shereth Doenitz, on February 2, 2023, and order denying respondent's motions for reconsideration on October 30, 2023. On appeal, Brian argues that the trial court abused its discretion by granting motions to quash subpoenas prior to the January 26, 2023, hearing. For the following reasons, we dismiss the appeal.

¶ 3 I. BACKGROUND

¶ 4 On June 20, 2022, petitioner Shereth Doenitz, *pro se* at the time, filed an emergency petition alleging stalking and requested a no-contact order against respondent Brian Anderson. The

1

petition alleged that Brian was driving by her home, taking pictures of her in her yard, following her at lunch with her grandchild, following her while she took work product to Mahomet Township for payroll, and following her in two other individual's vehicles to hide himself. Following a hearing held that same day, an emergency no-stalking, no-contact order was issued prohibiting Brian from being within 50 feet of Shereth, her home, and her workplace. Brian was further prohibited from stalking or using a third party to stalk Shereth or communicate with her. The matter was set for a plenary hearing on July 11, 2022, but was later continued by agreement of the parties after they retained legal counsel. Brian's legal counsel withdrew on August 9, 2023.

¶ 5   On August 30, 2022, Brian filed a *pro se* motion to dismiss with prejudice based on the Citizen Participation Act (Act) (735 ILCS 110/1 *et seq.* (West 2022)). He alleged that Shereth was an employee of the Mahomet Township Road District and was married to Chris Doenitz, who was the Mahomet Township Road Commissioner. He further alleged that Shereth was the owner of Central Culvert and Tile and had business relationships with Champaign County Townships, the Champaign County Highway Department, and other governmental agencies. Brian argued that he was protected under the Act, stating that his actions were related to Freedom of Information Act (FOIA) requests issued to Mahomet Township Road District and the FOIA materials received were provided to the Champaign County Sheriff Department's Investigations Unit, the Champaign County State's Attorney's Office, the Illinois State Police, and the Illinois Attorney General's Office, for investigation purposes. He further argued that Shereth's no-stalking petition was in retaliation for his requested investigation of her, her business, and the Mahomet Township Road District. Copies of numerous FOIA requests were attached to the motion, along with the petition and no-stalking order.

¶ 6    On September 19, 2022, Shereth filed her response to the motion to dismiss stating that her marriage to an elected official did not allow for privacy violations and that the motion to dismiss failed to allege how Brian's rights were infringed when his FOIA requests were met. On the same day, Brian filed a motion to disqualify Shereth's current counsel, Laken Smaha, alleging an ethic violation due to counsel's legal relationship with Shereth's initial counsel Gregory Moredock, who was a coworker of Ms. Smaha and counsel for the Mahomet Township Road District. Shereth filed a response to the motion to disqualify on September 21, 2022.

¶ 7    On September 22, 2022, Brian filed a motion to substitute the judge pursuant to section 2-1001 of the Code of Civil Procedure (735 ILCS 5/2-1001 (West 2022)). Over Shereth's objection, on September 23, 2022, Brian's motion to substitute was granted and the case was reassigned to Judge Roger B. Webber.

¶ 8    A hearing on the remaining pending motions was held on September 30, 2022. Respondent's motion to disqualify Shereth's counsel and motion to dismiss were both denied. Brian was ordered to answer Shereth's petition within 7 days and all pending discovery requests within 14 days. On October 3, 2022, Brian filed a notice of appeal. The appeal was dismissed on November 14, 2022.

¶ 9    On November 23, 2022, Brian filed an answer to the original complaint. On December 14, 2022, Brian obtained legal counsel and the case was set for trial on January 26 and January 27, 2023.

¶ 10    On January 23, 2023, Shereth filed three motions *in limine*. The first argued the affirmative defense of unclean hands. The second requested the prohibition of irrelevant evidence unrelated to the stalking order, *i.e.*, Brian's arguments related to the Mahomet Township funds. This motion also alleged that Brian intended to call 32 witnesses at the hearing and stated only 7 of the proposed

3

witnesses had relevant information related to the no-stalking order. The third motion requested that evidence stemming from data exchanged in discovery should be limited to the originals because copies could be distorted. Shereth also filed a motion to quash subpoenas for all of Brian's proposed witnesses except for the seven mentioned in the second motion *in limine*. Finally, Shereth also filed a motion for sanctions pursuant to Illinois Supreme Court Rule 219(c) (eff. July 1, 2002).

¶ 11     On January 25, 2023, Gregory Moredock filed a motion for attorney fees, a motion to quash his subpoena, and a motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Lorna Geiler (an attorney at Meyer Capel) also filed a motion to quash her subpoena and requested sanctions under Rule 137. Aaron Wheeler (attorney at Meyer Capel) filed a motion to quash his subpoena. Shelby Ray (requested deponent) also entered an appearance by counsel and moved to quash the subpoena. Steven Marht (a private attorney) moved to quash the subpoena and filed a motion for attorney fees and sanctions.

¶ 12     On January 26, 2023, the trial court granted the motions to quash subpoenas directed to Geiler, Moredock, and Taylor.[1] The motion to quash related to Schmidt[2] was denied and the parties agreed to not address the Mahrt subpoena. The motions *in limine* were argued and taken under advisement by the court. Thereafter, the bench trial started and Shereth presented her case in chief. Following the presentation, Brian moved for a directed verdict that was denied.

¶ 13     On January 27, 2023, respondent presented his case in chief. He also requested the court take judicial notice of Champaign County case number 2008-CM-1519. Brian rested and closing arguments were presented. The court took the case under advisement.

---

[1]The record contains no information regarding "Taylor."
[2]The record contains no information regarding "Schmidt."

¶ 14    On January 30, 2023, Attorney Geiler filed an affidavit for $577.50 in attorney fees. Attorney Moredock filed an affidavit for $1312.50 in attorney fees.

¶ 15    On February 2, 2023, the trial court issued its ruling and granted a two-year no-stalking order prohibiting Brian's presence within 500 feet of Shereth, her home, and her employment. The order allowed Brian to attend the Mahomet Township meetings but stated he could not communicate with Shereth at those meetings.

¶ 16    On February 17, 2023, Shereth's counsel filed a petition for attorney fees under Rules 137 and 219 requesting $46,897.42. Copies of the attorney's invoices were also attached. The petition was set for hearing on April 28, 2023. On March 3, 2023, Brian filed a motion for reconsideration. Shereth's response was filed on March 17, 2023, and claimed that no valid legal basis for Brian's reconsideration existed. A hearing on the motion was repeatedly continued, and on October 30, 2023, Brian filed a second motion for reconsideration based on additional evidence that included the investigatory reports from the Illinois State Police.

¶ 17    The case was called to hearing on October 30, 2023. The court granted the petition for attorney fees filed by Moredock in the amount of $1312.50 as well as the petition for attorney fees filed by Geiler in the amount of $577.50. An email was received by the court from attorney Marht indicating he was withdrawing his motion for attorney fees and that petition was withdrawn. The trial court denied the motions to reconsider and then determined that Shereth's request for attorney fees required additional information. At the close of the hearing, a filing schedule with regard to Shereth's attorney fee request was provided by the court and Brian's counsel advised the court that he had no objection to the court issuing its final order without an additional hearing. Thereafter, the following colloquy occurred:

5

"[BRIAN'S COUNSEL]: I don't think it's necessary to come back, but we are anticipating an appeal. I want to make sure this right now we're not under, quote, a final order until your Honor makes that for appellate review.

THE COURT: I think that—yeah, I think that's a fair assessment at least—especially with respect to the request for fees. Now, the plenary order entered back in February.

[BRIAN'S COUNSEL]: And we had a post-trial motion that just got denied so if your Honor wants I can piecemeal it—

THE COURT: Right.

[Brian's counsel]: I don't want to file an appeal to the Court and they say send it back to us while we have this one unresolved issue.

THE COURT: Right. Right.

[BRIAN'S COUNSEL]: So I would ask the Court, for lack of better term, to find that the time for appeal has not ran until your Honor's final gavel has banged on this one issue.

THE COURT: I will—well, with respect to the other two attorneys, I believe those orders are final and appealable. The decision on the Motion to Reconsider heard today, insofar as it's intertwined with the motion for attorney's fees, I'll find that as not final and appealable as of today's date."

¶ 18 A docket entry from October 30, 2023, included the attorney fee orders for Attorneys Moredock and Geiler. However, no Rule 304(a) language (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) was included in the docket entry. On November 22, 2023, the trial court issued a written order

awarding attorney fees to Attorney Geiler in the amount of $577.50. No Rule 304(a) language was included in the order. On November 29, 2023, Brian filed his notice of appeal.

¶ 19     On November 29, 2023, Shereth's attorney filed an affidavit of attorney fees (Laken Smaha) listing $72,665.47 in attorney fees. On December 27, 2023, Brian filed an objection to Shereth's attorney fees. Shereth filed her response on January 10, 2024. No order related to the attorney fee petition is found in the record.

¶ 20                                    II. ANALYSIS

¶ 21     On appeal, Brian argues that the trial court's order granting the motion to quash the subpoenas was an abuse of discretion. However, before we can address the merits of respondent's appeal, this court must first consider whether jurisdiction is proper.

¶ 22     A reviewing court has a duty to consider *sua sponte* its jurisdiction over the appeal, regardless of whether the issue of jurisdiction is raised by the parties. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). "A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998). "Jurisdiction of appellate court is limited to reviewing appeals from final judgments, subject to statutory or supreme court rule exceptions." *In re Marriage of Verdung*, 126 Ill. 2d 542, 553 (1989). "A judgment is final for appeal purposes if it determines the litigation on the merits or some definite part thereof so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *Id.* Final judgments that dispose of the entire proceeding are appealed under Illinois Supreme Court Rule 303 (eff. July 1, 2017). Final judgments that do not dispose of an entire proceeding are appealed under Illinois Supreme Court Rule 304(a) and require special language, which if accurately provided, will bestow jurisdiction to this court. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Whether a court has jurisdiction presents an

7

issue of law and is reviewed *de novo*. *In re Marriage of Crecos*, 2021 IL 126192, ¶ 11 (citing *In re A.H.*, 207 Ill. 2d 590, 593 (2003)). Similarly, certain judgments are appealable even if the case is not final without a special finding. See Ill. S. Ct. R. 304(b) (eff. Mar. 8, 2016); see also Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017).

¶ 23    Here, Brian's initial brief claims the appeal was brought pursuant to Rule 301 stating that "a final Judgment issued by the Circuit Court of Coles County on April …. (Appendix A1-3)." The brief filed by nonparty Gregory Moredock provides no jurisdictional statement. The brief filed by nonparty Lorna Geiler disputes Brian's statement of jurisdiction and states this court has "jurisdiction pursuant to Illinois Supreme Court Rule 304(a)." She asserts that the trial court's October 30, 2023, ruling did not dispose of the entire proceeding; however, the trial court stated that attorney fees orders as to Geiler and Moredock were "final and appealable" citing to the October 30, 2023, transcript. Finally, Shereth's brief contends that this court has jurisdiction pursuant to Rule 304(b)(5) because an order "finding a person or entity in contempt of court which imposes a monetary or other penalty" is "immediately appealable" under that rule. Shereth also cites the court's statement during the October 30, 2023, hearing. Brian's reply brief does not address the contradictory claims related to jurisdiction.

¶ 24    Rule 301 solely allows for an appeal of a final judgment. However, Rule 303(a) states, "A judgment or order is not final and appealable while a Rule 137 claim remains pending unless the court enters a finding pursuant to Rule 304(a)." Ill. S. Ct. R. 303(a) (eff. July 1, 2017). Rule 137 states that,

> "The signature of an attorney *** constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact

8

and is warranted by existing law or good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018).

¶ 25    The rule further states that "[a]ll proceedings under this rule shall be brought within the civil action in which the pleading, motion or other document referred to has been filed, and *** shall be considered a claim within the same civil action." Ill. S. Ct. R. 137(b) (eff. Jan. 1, 2018). Further, "[w]here a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018).

¶ 26    Here, while the trial court awarded attorney fees to Geiler and Moredock at the hearing, no order on Smaha's petition for attorney fees is found in the record on appeal. Our supreme court clearly stated that the reasoning of *Marsh* (*Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465-68 (1990)) and *Niccum* (*Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7-9 (1998)) is "straightforward." *John G. Phillips & Associates v. Brown*, 197 Ill. 2d 337, 341 (2001). After addressing the holdings in both cases, the court stated,

"We have set it out above, but shall reiterate: (1) absent a Rule 304(a) finding, a notice of appeal may not be filed before the trial court has disposed of all claims; (2) requests for sanctions under Rule 137 are claims within the underlying action; therefore (3) absent a Rule 304(a) finding, a notice of appeal may not be filed until the trial court has disposed of all requests for sanctions under Rule 137." *Id.*

¶ 27 No appeal may be taken from an otherwise final judgment entered on a claim when a request for attorney fees remains unresolved absent a finding pursuant to Rule 304(a). See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); *Marsh*, 138 Ill. 2d at 465-68; *John G. Phillips*, 197 Ill. 2d at 341. Therefore, absent the trial court's inclusion of a Rule 304(a) finding, this court does not have jurisdiction to address the trial court's October 30, 2023, order, until the trial court has disposed of all requests for sanctions under Rule 137. Here, no Rule 304(a) finding was made. Further, while Rule 303(a)(2) allows for a premature notice of appeal, the premature notice of appeal only becomes effective once an order disposing of all claims is filed. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017). Here, the record contains no order on the pending petition for attorney fees. Accordingly, we hold this court does not have jurisdiction to address the claims under Rule 301.

¶ 28 Nonparty Geiler contested Brian's claim of a final judgment and instead claims the attorney fee awards are appealable under Rule 304(a). The problem with this argument is that Rule 304(a) requires the trial court to make "an express *written* finding that there is no just reason for delaying either enforcement or appeal or both." (Emphasis added.) Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Here, there is no written special finding in the order granting Geiler's attorney fees. Further, while the trial court indicated that the attorney fee orders were final and appealable at the October 30, 2023, hearing, the court's statement did not include any special finding and the court's

10

docket entry is equally void for any of the Rule 304(a) language. Accordingly, this court does not have jurisdiction under Rule 304(a).

¶ 29    Finally, Smaha contends that this court has jurisdiction pursuant to Rule 304(b)(5). Rule 304(b)(5) states, "The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule: *** An order finding a person or entity in contempt of court which imposes a monetary or other penalty." Ill. S. Ct. R. 304(b)(5) (eff. Mar. 8, 2016).

¶ 30    Here, while there is no dispute that the trial court awarded a monetary penalty, the record is devoid of any allegation of, or hearing related to, contempt—either civil or criminal. Indeed, the requests for sanctions by the proposed deponents and Shereth's counsel were brought pursuant to Illinois Supreme Court Rules 137 and 219. There was no argument that Brian or his counsel violated a court order which would be the basis (and general requirement) for a finding of contempt. Accordingly, this court does not have jurisdiction pursuant to Rule 304(b)(5).

¶ 31    Finally, we have also reviewed the other subsections of Rule 304(b) as well as the subsections found under Rule 307(a) that allows for interlocutory appeals. None of those subsections encompass an award of attorney fees pursuant to Rule 137 or 219. While we are well aware of the concerns voiced by Brian's counsel at the October 30, 2023, hearing, the record before us confirms no final judgment has been issued in the underlying claim. The record further clarifies that no written finding required by Rule 304(a) was made by the trial court and that the attorney fees awarded were not based on contempt. Accordingly, this court has no jurisdiction to address Brian's argument.

¶ 32                                  III. CONCLUSION

¶ 33    For the reasons stated herein, we dismiss the appeal.

11

¶ 34   Appeal dismissed.