NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180826-U

NO. 4-18-0826

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MARK BYRD, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| RANDY PFISTER, JON WILSON, RICHARD KLING, | ) | No. 13MR110 |
| and JERRY DRONENBURG, | ) | |
| Defendants-Appellees. | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The appellate court dismissed the appeal, concluding it lacked jurisdiction where plaintiff's notice of appeal was premature.

¶ 2   Plaintiff, Mark Byrd, an inmate in Pontiac Correctional Center (Pontiac), appeals from the trial court's order dismissing his retaliation, harassment, and deliberate indifference to retaliation claims against various Illinois Department of Corrections (DOC) officials and employees. Because plaintiff's notice of appeal is premature, we dismiss the appeal for lack of jurisdiction.

¶ 3                    I. BACKGROUND

¶ 4                    A. Complaint

¶ 5   In September 2013, plaintiff filed a *pro se* complaint, which he later amended and

supplemented.

¶ 6        In his initial filing, plaintiff alleged his equal protection rights were violated by correctional officer Jacob Allen's use of smokeless tobacco in Pontiac and Lieutenant Kristina Skeens' failure to discipline Allen for such use.

¶ 7        In his amended filing, plaintiff alleged, because he reported officer misconduct relating to bringing tobacco into Pontiac, (1) Correctional Officer Jon Wilson harassed and retaliated against him by kneeing him in the thigh and allowing other officers to keep him locked in his cell and (2) Correctional Officer Richard Kling harassed and retaliated against him by not letting him out of his cell to complete his work assignment on some days and, on other days, he was let out only in the mornings but not in the afternoons. Plaintiff further alleged, because he filed a grievance concerning Wilson kneeing him in the thigh, Correctional Officer Frank Turner retaliated against him by keeping him locked in his cell, not allowing him to work, and removing him from his work assignment.

¶ 8        In his supplemented filing, plaintiff alleged, because he filed a complaint against Skeens, Correctional Officer Jerry Dronenberg retaliated against him by refusing to grant him an extension on his work assignment. Plaintiff further alleged, after he filed an emergency grievance concerning Dronenberg's retaliatory conduct, Warden Randy Pfister acted deliberately indifferent to plaintiff's constitutional right not to be retaliated against by taking no action to stop Dronenberg from carrying out his retaliatory actions.

¶ 9                    B. Motions to Dismiss and Stay

¶ 10        In July 2014, Skeens, Allen, Kling, and Turner sought dismissal of plaintiff's

claims against them. Wilson, on the other hand, sought an order staying the need to file an answer to plaintiff's claim against him until an order was entered concerning the dismissal sought by Skeens, Allen, Kling, and Turner.

¶ 11 In November 2014, Pfister sought dismissal of plaintiff's claim against him. Dronenberg, on the other hand, sought an order staying the need to file an answer to plaintiff's claim against him until an order concerning the dismissal sought by Skeens, Allen, Kling, Turner, and Pfister.

¶ 12 C. Trial Court's Rulings

¶ 13 In March 2015, the trial court granted Dronenberg's motion to stay. The record does not disclose a ruling on Wilsons's motion to stay.

¶ 14 In July 2015, the trial court granted the pending requests for dismissal. The court then ordered the case dismissed as to *all* defendants.

¶ 15 D. Appeal

¶ 16 Plaintiff appealed, arguing "the trial court erred in dismissing his retaliation, harassment, and deliberate indifference to retaliation claims against Wilson, Kling, Turner, Dronenberg, and Pfister." *Byrd v. Skeens*, 2017 IL App (4th) 150698-U, ¶ 21. Based on the record presented and the arguments made, we reversed the trial court's judgment dismissing "plaintiff's claims against Wilson, Kling, Turner, Dronenberg, and Pfister" and remanded for further proceedings. *Id.* ¶ 23. In reaching our decision, we noted the trial court's dismissal of the claims against Skeens and Allen stood as plaintiff had not raised any challenge to those rulings. *Id.* ¶ 24.

¶ 17 E. Appearance and Combined Motion to Dismiss

¶ 18    In July 2018, counsel entered an appearance on behalf of Wilson, Kling, Dronenberg, and Pfister and then filed a combined motion to dismiss and supporting memorandum on their behalf. The motion alleged:

> "[T]he appellate court identified the following as the only claims that survive: (1) 1st Amendment Retaliation against Defendant Wilson; (2) 1st Amendment Retaliation against Defendant Dronenberg; (3) Harassment against Defendants Wilson and Kling; and (4) Deliberate Indifference to Retaliation against Defendant Pfister."

The motion asserted, because the surviving claims were legally insufficient and/or defeated by other affirmative matter, plaintiff's complaint should be dismissed "in its entirety." The supporting memorandum noted, to the extent plaintiff asserted Kling retaliated against him, that claim was also legally insufficient.

¶ 19    F. Response and Motion to Strike the Combined Motion to Dismiss

¶ 20    In September 2018, plaintiff filed a response and motion to strike the combined motion to dismiss. Plaintiff argued his claims against Wilson, Kling, Pfister, and Dronenberg were neither legally insufficient nor defeated by other affirmative matter. In so arguing, plaintiff asserted he sufficiently alleged a claim against Kling for retaliation. Plaintiff also argued Wilson, Kling, and Pfister were precluded from filing a second motion to dismiss given this court's decision.

¶ 21    G. Trial Court's Ruling

¶ 22    On November 19, 2018, the trial court entered the following docket entry:

"This matter comes before the court today for ruling on the defendants' combined motion to dismiss—that motion has been fully briefed, the court has had an opportunity to review those written arguments together with other pertinent portions of the court file and being otherwise duly advised in the premises hereby finds and orders as follows: this matter comes back to the court on remand from the Fourth District who identified surviving claims of first amendment retaliation against defendant Wilson and Dronenberg, harassment claims against defendants Wilson and Kling and deliberate indifference to retaliation against defendant Pfister—it is noted that defendants Skeens and Allen were dismissed in the first motion and their dismissal was affirmed on appeal—they are no longer parties in the case—in regards to the remaining claims, the court finds and orders that the claims against defendant Pfister are barred by the doctrine of sovereign immunity—moreover, plaintiff has not pled sufficient facts to demonstrate any conduct on the part of defendant Pfister that would constitute a constitutional violation—in regards to the first amendment retaliation claims against defendants Wilson and Dronenberg—specifically, plaintiff does not allege causation—mere chronology of events is insufficient to establish retaliation—this case is distinguishable from [*Fillmore*

*v. Walker*, 2013 IL App (4th) 120533, 991 N.E.2d 340] as set forth in more detail in defendants' brief—finally, plaintiff's claims of harassment against Wilson and Kling are insufficiently pled to sustain a cause of action—plaintiff's contention that defendants are barred from filing a second motion to dismiss lacks authority—this court granted leave for defendants to file a responsive plead—for all of the reasons set forth herein and outlined in more detail in defendants' combined motion to dismiss, this cause is dismissed— docket to stand as order—the clerk is directed to send a copy of this docket entry to the plaintiff and AAG."

¶ 23                                H. Notice of Appeal

¶ 24        On December 20, 2018, a "Notice of Appeal" and accompanying "PROOF/CERTIFICATE OF SERVICE" from plaintiff was file-stamped by the circuit clerk. The notice of appeal is directed against the "November 19, 2018, order of dismissal." The certificate of service is addressed to both the circuit clerk and counsel for Wilson, Kling, Dronenberg, and Pfister and contains the following statement:

> "PLEASE TAKE NOTICE that on December 16, 2018, I placed the attached or enclosed documents in the institutional mail at Pontiac Correctional Center, properly addressed to the parties listed above for mailing through the United State Postal Service. 'Notice of Appeal.' "

The certificate of service is signed and dated December 14, 2018. The certificate of service also contains a purported notarization indicating the statement contained therein was subscribed and sworn before the notary public on December 14, 2018.

¶ 25        This appeal followed.

¶ 26                                  II. ANALYSIS

¶ 27        On appeal, plaintiff argues we should reverse and remand for further proceedings as the trial court erred in dismissing his claims against Wilson, Kling, Turner, Dronenberg, and Pfister. Defendants—Wilson, Kling, Dronenberg, and Pfister—disagree, contending this appeal should be dismissed for lack of jurisdiction because plaintiff's notice of appeal was filed late or, alternatively, the court's dismissal should be affirmed as plaintiff's claims against Wilson, Kling, Turner, Dronenberg, and Pfister were legally insufficient and/or defeated by other affirmative matter.

¶ 28        With respect to this court's jurisdiction, defendants specifically argue jurisdiction is lacking because plaintiff's notice of appeal was not filed within 30 days of the entry of the final judgment appealed from as required by Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) and plaintiff cannot benefit from the relaxed mailing rule for prisoners set forth in Illinois Supreme Court Rule 373 (eff. July 1, 2017) as his certificate of service failed to comply with Illinois Supreme Court Rule 12 (eff. July 1, 2017). While we agree jurisdiction is lacking, we find that to be true not because plaintiff's notice of appeal was filed late but rather because it was filed early.

¶ 29        Ordinarily, appeals may "only be taken from final orders which dispose of every 'claim'—*i.e.*, 'any right, liability or matter raised in an action.' " *John G. Phillips & Associates v.*

*Brown*, 197 Ill. 2d 337, 339, 757 N.E.2d 875, 877 (2001) (quoting *Marsh v. Evangelical Covenant Church*, 138 Ill. 2d 458, 465, 563 N.E.2d 459, 463 (1990)). In those cases where an order does not dispose of every claim an appeal may still be taken but only if the order contains an express finding that there is no just reason for delaying an appeal. *Id.*; see also Ill. S. Ct. R. 304(a) (eff Mar. 8, 2016).

¶ 30    In his argument addressing the merits of the trial court's dismissal, plaintiff notes the court did not address his retaliation claims against Turner and Kling. In response, defendants assert, despite the fact the court did not explicitly address these claims, the court "dismissed all claims against all defendants." In support of this assertion, defendants note the court's order (1) states the "cause is dismissed" and (2) adopts the reasoning set forth in the combined motion to dismiss, which asserted plaintiff's complaint should be dismissed "in its entirety."

¶ 31    Contrary to defendants' assertion, we find the record fails to reflect the trial court dismissed plaintiff's retaliation claims against Turner and Kling. In the prior appeal, we reversed the trial court's judgment dismissing "plaintiff's claims against Wilson, Kling, Turner, Dronenberg, and Pfister" and remanded for further proceedings. *Byrd*, 2017 IL App (4th) 150698-U, ¶ 23. Unfortunately, counsel on remand appears to have misread our decision, believing the retaliation claims against Turner and Kling no longer survived. That mistake resulted in the absence of representation for Turner, the absence of any comment on the claim against Turner, and a summary of the surviving claims that did not include the retaliation claims against Turner and Kling. In turn, the trial court appears to have adopted counsel's mistaken belief that the retaliation claims against Turner and Kling no longer survived and, therefore, did not address those

claims in its order. While the court indicated the "cause is dismissed," our review makes clear the court did not believe the retaliation claims against Turner and Kling were before it.

¶ 32　　　　Because the trial court did not dispose of all claims against all parties or make an explicit finding that there was no just reason for delaying an appeal, plaintiff's notice of appeal is premature and fails to confer jurisdiction on this court. Therefore, this appeal must be dismissed.

¶ 33　　　　　　　　　　　　III. CONCLUSION

¶ 34　　　　We dismiss the appeal for lack of jurisdiction.

¶ 35　　　　Appeal dismissed.