NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210279-U

NO. 4-21-0279

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 19, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MARK BYRD, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| KRISTINA SKEENS, JACON ALLEN, JON WILSON, | ) | No. 13MR110 |
| RICHARD KLING, FRANK TURNER, JERRY | ) | |
| DRONENBERG, and RANDY PFISTER, | ) | Honorable |
|     Defendants-Appellees. | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding plaintiff had not established any error with respect to the circuit court's dismissal of his complaint.

¶ 2    Plaintiff, Mark Byrd, an inmate who has recently been transferred from Pontiac Correctional Center (Pontiac) to Centralia Correctional Center, appeals from the circuit court's judgment dismissing his complaint against various Illinois Department of Corrections officials and employees. On appeal, plaintiff argues this court should reverse the circuit court's judgment to the extent it found his claims insufficiently stated and/or barred, including his (1) retaliation claims against Jon Wilson, Richard Kling, Frank Turner, and Jerry Dronenberg and (2) deliberate indifference to retaliation claim against Randy Pfister. For the reasons that follow, we affirm the circuit court's judgment.

¶ 3                      I. BACKGROUND

¶ 4    This action was commenced in September 2013 when plaintiff filed a *pro se*

complaint alleging his constitutional rights had been violated. Plaintiff later amended and supplemented his complaint, adding claims against additional defendants. The action reached this court on two previous occasions, both of which resulted in the need for further proceedings before the circuit court. See *Byrd v. Pfister*, 2020 IL App (4th) 180826-U, ¶ 32 (dismissing the appeal for lack of jurisdiction where the notice of appeal was premature); see also *Byrd v. Skeens*, 2017 IL App (4th) 150698-U, ¶ 23 (reversing and remanding for further proceedings based upon the record presented and arguments made). Now, the action is before this court for a review of the circuit court's judgment dismissing plaintiff's complaint. Specifically, at issue in this appeal is whether the circuit court correctly found plaintiff's claims were insufficiently stated and/or barred, including plaintiff's (1) retaliation claims against Wilson, Dronenberg, Kling, and Turner and (2) deliberate indifference to retaliation claim against Pfister. The following background is relevant to the issues presented in this appeal.

¶ 5        In 2012, plaintiff was employed as a cell house gallery worker at Pontiac. On September 18, 2012, plaintiff reported to a correctional officer named "DeLong" that a correctional officer named "Pitchford" was bringing tobacco into the prison. Other unnamed correctional officers were then "lead [*sic*] to believe [plaintiff] told on them for bringing tobacco into the cellhouse." After plaintiff made the tobacco report, Kling, a correctional officer, as allowed by Wilson, another correctional officer, prevented plaintiff from leaving his cell to complete his work assignments. Plaintiff spoke with DeLong about the situation, which resulted in Kling letting plaintiff leave his cell in the mornings, but not in the afternoons, and telling the other inmates that plaintiff had to be the first one to get his work equipment from the equipment room. On October 9, 2012, Wilson kneed plaintiff "very hard" in the upper right thigh while "in the chow hall for afternoon feeds." Plaintiff alleged Wilson, who used tobacco, kneed him because he "was upset

with plaintiff for telling [DeLong] about officers bringing tobacco into the [prison]." Plaintiff filed a grievance about the incident. On October 12, 2012, a correctional officer named "Burgess" told plaintiff that he was told by Turner, another correctional officer, to retrieve plaintiff's work clothes. As a result, plaintiff was prevented from leaving his cell to complete his work assignments for several days, and then, on October 15, 2012, plaintiff received and had to wear dirty work clothes to complete his work assignment. Following these actions by the various correctional officers, plaintiff experienced severe itching and bumps all over his body. Plaintiff met with a doctor who indicated his symptoms could be stress related.

¶ 6        In 2014, plaintiff's employment as a cell house gallery worker at Pontiac was set to expire. On March 5, 2014, plaintiff spoke with a correctional officer named "Roth" about receiving an extension on his work assignment. Roth indicated he would speak with a correctional officer named "Thorson" regarding the matter. The next day, plaintiff spoke with Roth and Thorson about the extension. During that conversation, Roth and Thorson reportedly stated Dronenberg, a correctional officer who was allegedly responsible for "putting cellhouse workers in for" extensions on work assignments, indicated he was not going to request an extension for plaintiff because of plaintiff's filing of the complaint which commenced this action. On March 17, 2014, plaintiff sent an emergency grievance to Pfister, the warden of Pontiac, reporting Dronenberg's retaliatory refusal to request an extension on plaintiff's work assignment. Plaintiff requested Pfister grant him an extension on his work assignment and stop Dronenberg from retaliating against him. Plaintiff explained he filed an emergency grievance instead of following the standard grievance procedure because "to me being retaliated against is an 'emergency.' " On April 4, 2014, Pfister sent plaintiff a letter indicating he was denying plaintiff's request for an extension on his work assignment because plaintiff had already been granted an extension on a one-year assignment.

Pfister also indicated plaintiff could, at the completion of his assignment, contact his counselor and request to be submitted for other work assignments. On April 15, 2014, plaintiff was removed from his position as a cell house gallery worker.

¶ 7    In his complaint, plaintiff alleged (1) Wilson retaliated against him for reporting officer misconduct related to bringing tobacco into Pontiac by kneeing him in the thigh and by allowing other officers to prevent him from leaving his cell to complete his work assignments; (2) Kling retaliated against him for reporting officer misconduct relating to bringing tobacco into Pontiac by preventing him from leaving his cell to complete his work assignments; (3) Turner retaliated against him for filing a grievance against Wilson by preventing him from leaving his cell to complete his work assignments for several days; (4) Dronenberg retaliated against him for filing the complaint which commenced this action by refusing to request an extension on plaintiff's work assignment; and (5) Pfister acted deliberately indifferent to plaintiff's constitutional right not to be retaliated against by taking no action to stop Dronenberg from carrying out his retaliatory actions after plaintiff filed the emergency grievance. Plaintiff sought compensatory and punitive damages and costs from Wilson, Kling, Turner, Dronenberg, and Pfister.

¶ 8    Wilson, Kling, Turner, Dronenberg, and Pfister moved to dismiss plaintiff's complaint, arguing the claims alleged against them were insufficiently stated and/or barred by sovereign immunity. After receiving written responses from plaintiff, the circuit court found all of plaintiff's claims were insufficiently stated and/or barred and, therefore, entered judgment dismissing plaintiff's complaint.

¶ 9    This appeal followed.

¶ 10    II. ANALYSIS

¶ 11    On appeal, plaintiff argues this court should reverse the circuit court's judgment

dismissing his complaint to the extent it found his claims insufficiently stated and/or barred, including his (1) retaliation claims against Wilson, Kling, Turner, and Dronenberg and (2) deliberate indifference to retaliation claim against Pfister. Wilson, Kling, Turner, Dronenberg, and Pfister disagree. (We note plaintiff has not presented any argument concerning claims he raised against Kristina Skeens and Jacon Allen, and Skeens and Allen have not taken any position in this appeal.)

¶ 12    We begin with plaintiff's contention that the circuit court erroneously found his deliberate indifference to retaliation claim against Pfister was insufficiently stated and barred. We find this issue is forfeited. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires any contention of error to be supported by reasoned argument and relevant authority, and the failure to comply with Rule 341(h)(7) results in the forfeiture of an issue (*People ex rel. Illinois Department of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56, 4 N.E.3d 1). Here, plaintiff's contention of error is not supported by any reasoned argument or relevant authority in violation of Rule 341(h)(7). Accordingly, the issue is forfeited, and we need not further consider plaintiff's contention of error.

¶ 13    Next, we turn to plaintiff's contention that the circuit court erroneously found his retaliation claims against Wilson, Dronenberg, Kling, and Turner were insufficiently stated. To establish a first amendment retaliation claim, an inmate must "prove that (1) he engaged in an activity protected by the first amendment, (2) he suffered a deprivation likely to deter similar first amendment activity in the future, and (3) his protected activity was at least a motivating factor in [the defendant's] decisions to take the retaliatory actions." *Fillmore v. Walker*, 2013 IL App (4th) 120533, ¶ 37, 991 N.E.2d 340.

¶ 14    Plaintiff initially contends, citing *Bridges v. Gilbert*, 557 F.3d 541 (7th Cir. 2009),

the circuit court erroneously considered, and this court in its *de novo* review (*Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24, 184 N.E.3d 233) need not consider, whether he sufficiently alleged the second and third elements of a first amendment retaliation claim at the pleading stage. We disagree. Contrary to plaintiff's contention, the *Bridges* court did not hold that only the first element of a first amendment retaliation claim should be considered at the pleading stage. In fact, the *Bridges* court specifically considered whether the second and third elements— under the federal pleading standard—were sufficiently stated. *Bridges*, 557 F.3d at 552-53. Accordingly, we reject plaintiff's contention that the circuit court erroneously considered, and this court need not consider, whether he sufficiently alleged the second and third elements of a first amendment retaliation claim at the pleading stage.

¶ 15 When considering the sufficiency of plaintiff's first amendment retaliation claims under section 2-615 of the Code of Civil Procedure (735 ILCS/5/2-615 (West 2018)), "the critical question is whether the allegations in the complaint, construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted." *Doe-3 v. McLean County Unit District. No. 5 Board of Directors*, 2012 IL 112479, ¶ 16, 973 N.E.2d 880. "In making this determination, all well-pleaded facts must be taken as true." *Id.* However, "[b]ecause Illinois is a fact-pleading jurisdiction, a plaintiff must allege facts, not mere conclusions, to establish his or her claim as a viable cause of action." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305, 891 N.E.2d 839, 845 (2008). "Legal conclusions and factual conclusions which are unsupported by allegations of specific facts will be disregarded in ruling on a motion to dismiss." *Cummings v. City of Waterloo*, 289 Ill. App. 3d 474, 479, 683 N.E.2d 1222, 1225 (1997).

¶ 16 Common amongst plaintiff's first amendment retaliation claims against Wilson,

Kling, and Turner is the absence of sufficient *factual* allegations showing plaintiff's purported protected activity was at least a motivating factor in those defendants' decisions to take the allegedly retaliatory actions. With respect to the claim against Turner, there are no allegations suggesting Turner was aware of, or acted in response to, plaintiff's grievance against Wilson. As for the claims against Kling and Wilson, there is an allegation that some unnamed correctional officers were led to believe plaintiff had made a report of officer misconduct related to tobacco use. We find this vague allegation is insufficient to suggest Kling and Wilson were aware of, and acted in response to, plaintiff's report. There is also an allegation that Wilson, at least as it relates to the purported kneeing incident, acted because of plaintiff's tobacco report. We find this conclusory allegation is insufficient to suggest Wilson was aware of, and acted in response to, plaintiff's report. While the alleged actions of Wilson, Kling, and Turner followed the purported protected activity of plaintiff, we find the timing of the events, without more, insufficient to suggest Wilson, Kling, and Turner were aware of, and acted in response to, the tobacco report. Absent sufficient allegations to show plaintiff's purported protected activity was at least a motivating factor in the decisions to take the alleged retaliatory actions, we conclude the retaliation claims against Wilson, Kling, and Turner are insufficiently stated.

¶ 17 We similarly conclude the remaining claim, the first amendment retaliation claim against Dronenberg, is also insufficiently stated. Specifically, we find there is an absence of sufficient *factual* allegations to show plaintiff suffered a deprivation likely to deter similar first amendment activity in the future. While plaintiff alleged Dronenberg, who was allegedly responsible for "putting cellhouse workers in for" extensions on work assignments, refused to seek an extension of his job assignment for a retaliatory reason, plaintiff then explained how he was able to seek an extension from Dronenberg's supervisor, Pfister, after Dronenberg's alleged

refusal, a request which was ultimately denied based upon an undisputed nonretaliatory reason. In fact, we note a case cited by plaintiff on appeal, *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996), states, "the ultimate question is whether events would have transpired differently absent the retaliatory motive." Under these circumstances, we conclude the retaliation claim against Dronenberg is insufficiently stated.

¶ 18       In summary, we conclude plaintiff has not established any error with respect to the circuit court's dismissal of his complaint.

¶ 19                    III. CONCLUSION

¶ 20       We affirm the circuit court's judgment.

¶ 21       Affirmed.